**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| William H. Springer, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Steve Pelissier, South Carolina Appalachian )<br>Council of Governments, and WorkLink, )<br>)<br>Defendants. )<br>_____ ) | C.A. No. 6:10-cv-01303-JMC<br><br>**OPINION AND ORDER** |

This case arises out of Plaintiff William H. Springer's ("Springer") termination of employment by Defendants Steve Pelissier, South Carolina Appalachian Council of Governments ("ACOG"), and WorkLink (collectively, "Defendants"). Currently before the court is Defendants' Motion for Partial Judgment on the Pleadings [Doc. 14] pursuant to Fed. R. Civ. P. 12(c) in which Defendants ask the court to dismiss Springer's causes of action for civil conspiracy and wrongful discharge in violation of public policy.

**LEGAL STANDARD**

A party may move for judgment on the pleadings after the pleadings have closed, but must do so early enough to avoid delaying trial. FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is evaluated using the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Consequently, all facts alleged in the complaint are presumed to be true, and all reasonable inferences must be drawn in Springer's favor. *Id.*

1

However, the court is not required to accept the legal conclusions Springer sets forth in his complaint as true. *Id.* at 244.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint requires more than a statement simply alleging the defendants illegally harmed the plaintiff. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Springer was a Program Director employed with Defendant ACOG. Defendant Pelissier was Springer's immediate superior, and was responsible for hiring Springer on behalf of Defendant WorkLink in January 2008. Shortly after beginning work for Defendants, Springer audited various personnel and procurement documents to determine whether Defendants were in compliance with the Work Force Reinvestment Act of 1998. Springer claims that he discovered "gross mismanagement and possible fraud" through his audit, and that he reported his findings to Pelissier in March 2008. According to Springer, Pelissier gave him conflicting instructions over the next few weeks regarding how he wanted Springer to proceed in light of his findings, then Pelissier fired him on April 2, 2008. Springer further alleges that Pelissier told him that he was being fired for inappropriate use of a company vehicle and cell phone. Springer argues that these reasons are a pretext, and the actual reason he was fired was to prevent his further investigation into Defendants' improper and possibly illegal business practices. He pleads, *inter*

*alia*, causes of action for civil conspiracy, wrongful discharge in violation of public policy, and violation of 42 U.S.C. § 1983.

Defendants have moved for judgment on the pleadings regarding the civil conspiracy and wrongful discharge claims. Because the court believes Springer has failed to state a claim upon which relief may be granted in his civil conspiracy cause of action, Defendants' motion as to that claim is granted. The court also believes Springer has a statutory remedy available to him in the South Carolina Whistleblower statute, and therefore Defendants' motion regarding the wrongful discharge claim is also granted.

### A. Civil Conspiracy

In order to recover for civil conspiracy, a plaintiff must show a combination of two or more persons joined together for the purpose of injuring him and caused him special damages. *McMillan v. Oconee Mem'l Hosp.*, 367 S.C. 559, 564, 626 S.E.2d 884, 886 (2006) (citing *Lawson v. S.C. Dept. of Corr.*, 340 S.C. 346, 352, 532 S.E.2d 259, 261 (2000)). Even an activity that is lawful may be actionable if it is done in an unlawful manner. *Sams v. Bhd. of Ry. & S.S. Clerks, Sumter Lodge No. 6193*, 166 F. Supp. 49, 54 (E.D.S.C. 1956), *aff'd*, 233 F.2d 263 (4th Cir. 1956). As long as sufficient facts are alleged to make out a *prima facie* civil conspiracy claim, the plaintiff does not have to explain all of the details of the conspiracy in his complaint. *Charles v. Tex. Co.*, 192 S.C. 82, 5 S.E.2d 464, 472 (1939). However, a civil conspiracy claim must be supported by facts independent of the other causes of action in the complaint; a plaintiff may not simply incorporate allegations that support other causes of action to sustain a cause of action for civil conspiracy. *Cricket Cove Ventures, LLC v. Gilland*, 390 S.C. 312, 324-25, 701 S.E.2d 39, 46 (2010) (citing *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 276 S.C. 284, 293, 278

S.E.2d 607, 611 (1981)).  The plaintiff must also plead damages suffered as a result of the conspiracy that go beyond damages alleged in other causes of action.  *See id.* at 325 (citing *Vaught v. Waites*, 300 S.C. 201, 208, 387 S.E.2d 91, 95 (Ct. App. 1989)).

In this case, Springer has failed to plead any facts to support his civil conspiracy claim which are in addition to those that support his other claims.  Springer merely states that the facts which support his other claims are incorporated into his claim for civil conspiracy, concludes that one or more of Defendants conspired to injure him by firing him without cause, and asserts that he suffered damages as a result of losing his job.  Aside from the conclusory assertion that one or more of Defendants conspired among themselves and/or with unidentified third parties to injure Springer, the facts upon which he relies are identical to those he uses to support the other claims in his complaint.  Furthermore, Springer has not explained what special damages he suffered as a result of Defendants' conspiracy.  *See AJG Holdings LLC v. Dunn*, 392 S.C. 160, 168, 708 S.E.2d 218, 223 (Ct. App. 2011) (noting that to demonstrate special damages, as an element of a civil conspiracy claim, a plaintiff has to allege damages beyond the damages alleged in the other causes of action). The only damages Springer claims to have suffered as a result of the conspiracy are related to the loss of his employment, the same damages he claims he suffered as a result of Defendants' alleged § 1983 violation and his wrongful discharge.  Because Springer has failed to allege sufficient facts to sustain his civil conspiracy claim and has not articulated any special damages as required in order to make out a civil conspiracy claim, Defendants are entitled to judgment on the pleadings and dismissal of this claim.

Additionally, Springer concedes in his complaint that Pelissier was acting within the scope of his employment when he fired Springer.  Defendants correctly point out that no civil conspiracy exists when the conduct at issue concerns an alleged conspiracy between an

employee acting within the scope of his employment and his employer. *See McMillan*, 367 S.C. at 564, 626 S.E.2d at 886 (citing *Perk v. Vector Res. Grp., Ltd.*, 253 Va. 310, 485 S.E.2d 140, 144 (1997)). A civil conspiracy claim requires an agreement by two or more parties, but Springer acknowledges Pelissier was acting as an employee of WorkLink/ACOG when Pelissier terminated Springer. It is well-established that a corporation cannot conspire with itself. *Id.* at 564-65 (citing 16 AM. JUR. 2D *Conspiracy* § 56 (2005)). Accordingly, Defendants' request for judgment on the pleadings is granted as to Springer's claim for civil conspiracy and the claim is dismissed.

      B. *Wrongful Discharge*

Defendants claim that Springer's wrongful discharge claim is subject to dismissal because Springer has statutory remedies available to him which subsume the conduct alleged in this cause of action. The court agrees.

Generally, an employer may terminate an at-will employee for any reason or for no reason at all. *Culler v. Blue Ridge Elec. Co-op., Inc.*, 309 S.C. 243, 422 S.E.2d 91 (1992). However, when an employer terminates an employee for a reason that violates a clear mandate of public policy, the terminated employee has a cause of action for wrongful discharge. *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985). The public policy exception has been found to apply in two situations: (1) when an employer forces an at-will employee to break the law in order to keep his job; and (2) when "the reason for the employee's termination was itself a violation of the criminal law." *Love v. Cherokee Cnty. Veterans Affairs Office*, No. 7:09-194-HMH, 2009 WL 2394369 (D.S.C. July 31, 2009) (citing *Ludwick*, 287 S.C. 219, 337 S.E.2d 213, and *Lawson v. S.C. Dept. of Corr.*, 340 S.C. 346, 532

S.E.2d 259, 261 (2000)). When a terminated employee sues his former employer alleging the employer violated rights other than the right to employment — constitutional rights or rights granted by a specific statute, for example — he has no cause of action for wrongful discharge in violation of public policy. *See Wiedeman v. Ridgeway Min. Co.*, No. 0:92-2342-17, 1993 WL 379545 (D.S.C. June 23, 1993) (citing *Epps v. Clarendon Cnty.*, 304 S.C. 424, 426, 405 S.E.2d 386, 387 (1991)). "When a statute creates a substantive right (i.e. the Whistleblower statute) and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy." *Lawson*, 340 S.C. 346, 532 S.E.2d at 261 (citing *Campbell v. Bi-Lo*, 301 S.C. 448, 392 S.E.2d 477 (Ct. App. 1990)).

South Carolina's Whistleblower statute protects public employees from retaliatory discharge stemming from their reporting of misuse of public funds or resources to an "appropriate authority." S.C. CODE ANN. § 8-27-20(A) (2010). The law includes the public body employing the person reporting the misconduct as an "appropriate authority." *Id.* at § 27-10(3). Springer does not dispute that ACOG is a political subdivision of the State of South Carolina. He acknowledges WorkLink is publicly funded and claims he reported the "gross mismanagement and possible fraud" involving those funds to his superior, Pelissier. He then claims he was fired in retaliation for his report. Springer has pleaded all the elements of a Whistleblower claim, though he asserted no cause of action under the statute in his complaint. Because Springer has a statutory remedy available to him, his wrongful discharge cause of action cannot be sustained.

Springer's wrongful discharge claim also fails because he has not shown he was asked to violate the law, nor has he demonstrated that his termination was itself a violation of criminal law. Springer simply pleads that he discovered questionable and possibly illegal business

practices and reported those practices to his superior. While he states that Pelissier gave him conflicting instructions regarding how to proceed after Springer reported his findings, he does not allege that Pelissier or anyone else asked him to break the law. He merely claims he was terminated because Defendants were afraid of his learning anything more about their practices through additional audits. Furthermore, Springer does not allege that his termination was itself a criminal offense. As a result, his wrongful discharge claim must be dismissed.

Accordingly, the court grants Defendants' request for judgment on the pleadings as to Springer's claim for wrongful discharge, and the claim is dismissed.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendants' Motion for Judgment on the Pleadings [Doc. 14], and both the civil conspiracy and wrongful discharge in violation of public policy claims are dismissed with prejudice.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

July 1, 2011

Greenville, South Carolina